Guergana NIKOLOVA–IVAYLOVA,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

Borislav Nikolov–Ivaylov, Petitioner,

v.

John Ashcroft, Attorney General,
Respondent.

Levena Nikolova–Blagoeva, Petitioner,

v.

John Ashcroft, Attorney General,
Respondent.

Nos. 03–71507, 03–71508, 03–71513.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2005.*

Decided Feb. 7, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Russell L. Marshak, Esq., Phuong D. Mai, Popkin, Shamir & Golan, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Linda S. Wendtland, Esq., Office of the District Counsel, Department of Homeland Securi-

** The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

ty, San Francisco, CA, Luis E. Perez, Esq., Elizabeth J. Stevens, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals. Agency Nos. A74–320–846, A74–320–847, A74–320–845.

Before: BRIGHT,** TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Petitioners, natives of Bulgaria, petition for review of orders by the Board of Immigration Appeals ("Board") affirming the decision of the Immigration Judge ("IJ") denying their applications for asylum or withholding of deportation. The Board affirmed the decision of the IJ pursuant to the summary affirmance procedure authorized by regulations at 8 C.F.R. § 1003.1(e)(4), promulgated by the Executive Office for Immigration Review ("Executive"), to implement provisions of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").[1] We have jurisdiction pursuant to Section 309(c)(4) of IIRIRA.

We deny the petition.

We consider petitioners' several grounds for review briefly in turn.

■ Petitioners assert that the summary affirmance procedure violates the Administrative Procedures Act, 5 U.S.C. § 533, because the procedure is not authorized by duly promulgated regulations.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Pub.L. No. 104–208, 110 Stat. 3009 (Division C, 3009–546), as amended by § 2 of Pub.L. No. 104–302, 110 Stat. 3656 (1996).

As noted, the procedure is authorized by 8 C.F.R. § 1003.1(e)(4), which the Board order cites. The regulation was promulgated after petitioners filed their notices of appeal to the Board but, of course, before the Board order was filed. Petitioners apparently assume that the procedure cannot be applied in their cases because the regulation came after their notices of appeal. They are incorrect. *See Republic of Austria v. Altmann,* 541 U.S. 677, 124 S.Ct. 2240, 2250, 159 L.Ed.2d 1 (2004) (changes in procedural rules may be applied in pending cases).

■ Petitioners argue that the policies codified in 8 C.F.R. § 1003.1(e)(4) are *ultra vires,* because in enacting IIRIRA, which limited judicial review of immigration decisions, Congress intended to maintain review of IJ decisions by a three-member panel of the Board. Petitioners do not note the standard of review for an agency's construction of a statute it is charged with implementing—to wit, review for reasonableness, *Chevron, U.S.A., Inc. v. NRDC, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Petitioners do not argue that the Executive's construction of IIRIRA is unreasonable, nor does it appear so to us.

Petitioners argue that the affirmance-without-opinion process violates petitioners' constitutional due process rights. This circuit has held squarely that it does not. *Falcon Carriche v. Ashcroft,* 335 F.3d 1009 (9th Cir.2003).

■ Petitioners argue, finally, that the IJ's order denying both asylum and the withholding of deportation must be reversed because it is supported by erroneous factual findings. The factual findings

contained in any order of removal "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B). *See also INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Petitioners identify several findings with which they disagree, arguing that the findings are "erroneous." Petitioners do not assert or argue that no reasonable adjudicator could find as the IJ did. On review of the record, we determine that the findings are reasonable.

Accordingly, we deny the petitions for review of the orders of the Board.[2]

DENIED.

---

2. Petitioners state that there remains pending a motion by respondent for an extension of time to file the Certified Administrative Records in two of these cases—the record in the other case having been timely filed. Because the cases are consolidated and the parties agree that the records in the three cases are identical, we deny the motion as moot.